Moises HERNANDEZ, Petitioner–Appellant,

v.

Gerald J. JANDA, Warden, Respondent–Appellee.

No. 11–55581.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2014.

Filed May 29, 2014.

Ronald White, Ronald White Law Offices, Carson, CA, for Petitioner–Appellant.

Sarah J. Farhat, Esquire, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: NOONAN, WARDLAW, and FISHER, Circuit Judges.

MEMORANDUM *

Moises Hernandez appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

The district court did not err in denying the petition. The California Court of Appeal adjudicated Hernandez's federal constitutional claim on the merits. Its decision was not contrary to, or an unrea-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Neither *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), nor any other Supreme Court decision clearly establishes that Hernandez has a constitutionally protected liberty interest in the state law instruction that the jury deliberate anew after an alternate juror is seated during deliberations. Though Cal.Penal Code § 1089 requires such an instruction as a matter of state law, the federal Due Process Clause "safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial." *Rivera v. Illinois*, 556 U.S. 148, 158, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009) (internal quotation marks omitted). **AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.